**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **FRED WILLIAMS, #99266,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 21-cv-01006-JPG** |
| | ) | |
| **KRISTOPHER THARP** | ) | |
| **MADISON COUNTY JAIL,** | ) | |
| **and PAUL SARHAGE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

This matter is now before the Court for preliminary review of the First Amended Complaint filed by Plaintiff Fred Williams pursuant to 42 U.S.C. § 1983. (Doc. 12). Plaintiff asserts claims against the defendants for punishing him without due process of law, denying him access to the courts, and exposing him to dirty showers during his pretrial detention at Madison County Jail ("Jail").[1] (*Id*.). He includes no request for relief. (*Id*.).

The First Amended Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from an immune defendant must be dismissed. *See* 28 U.S.C. § 1915A(b). The factual allegations

---

[1] Williams originally filed this action with several co-plaintiffs. *See Evans, et al. v. Tharp, et al.*, Case No. 21-cv-905-JPG (S.D. Ill.). Pursuant to a Memorandum and Order dated August 17, 2021, the Court severed his claims into this separate suit. (Doc. 1). Before the Complaint was screened, Plaintiff filed the First Amended Complaint that is now subject to Section 1915A review. (Doc. 12).

of the *pro se* amended complaint are liberally construed at this stage.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## First Amended Complaint

Plaintiff sets forth the following allegations in the First Amended Complaint (Doc. 12): On July 29, 2021, Plaintiff's entire cell block at Madison County Jail was placed on lockdown when Lieutenant Sarhage thought he smelled smoke.  Lieutenant Sarhage and Captain Tharp punished all detainees on the block with a thirty day lockdown and commissary restriction without ever investigating the matter, issuing any disciplinary tickets, or conducting a disciplinary hearing. For approximately three weeks, Plaintiff could not purchase stamps to write his attorney. In addition, he could not purchase cleaning supplies.  The showers developed a buildup of black mold because correctional officers disregarded his requests for cleaning until Captain Tharp addressed the issue in late August 2021.  (*Id*.).

## Preliminary Dismissal

Plaintiff identifies Madison County Jail as a defendant, but he sets forth no allegations against this entity.  Moreover, the Jail is not a person subject to suit under Section 1983.  *See* FED. R. CIV. P. 17(b) (defendant must have the legal capacity to be sued).  When determining whether an entity has this capacity, federal courts look to state law, as explained below:

> The Illinois Constitution provides that each county shall elect a sheriff who is responsible for law enforcement. ILL. CONST.1970, art. VII, § 4(c). The sheriff is responsible for jail operations, medical treatment of inmates and actions of his officers. 730 ILCS § 125/2; ILCS 125/17. As an elected officer, a sheriff is not an employee. County police and county jails are merely a branch of the sheriff as a county officer, and are not legal entities capable of being sued. . . . Article VII of the Illinois Constitution does not establish any county police or county jail as a separate and individual legal entity. ILL. CONST., art. VII, § 1.

*See Isaacs v. St. Clair Cnty. Jail*, No. 08-0417-DRH, 2009 WL 211158, at *3-4 (S.D. Ill. Jan. 29, 2009).  Under this authority, the Jail lacks capacity to be sue and shall be dismissed with prejudice.

2

## Discussion

Based on the allegations, the Court finds it convenient to designate three (3) counts in the

*pro se* Complaint:

> **Count 1:**     Fourteenth Amendment claim against Defendants for depriving Plaintiff of a protected liberty interest without due process of law by punishing him with a thirty day lockdown and commissary restriction after Sarhage smelled smoke in the cell block on or around July 29, 2021.

> **Count 2:**     First and/or Fourteenth Amendment claim against Defendants for depriving Plaintiff of access to the courts by denying him stamps for use in contacting an attorney beginning on or around July 29, 2021.

> **Count 3:**     Fourteenth Amendment claim against Defendants for denying Plaintiff access to cleaning supplies and refusing to clean the showers for a period of approximately three weeks at the Jail beginning on or around July 29, 2021.

**Any claim that is mentioned in the First Amended Complaint but not addressed herein is considered dismissed without prejudice under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).**

### Count 1

A Fourteenth Amendment due process claim arises when the state deprives a person of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). Any "nontrivial punishment of a person not yet convicted" is a sufficient deprivation of liberty to give rise to due process protections. *See Holly v. Woolfolk*, 415 F.3d 678, 679-80 (7th Cir. 2005) (collecting cases). A pretrial detainee cannot be placed in segregation or lockdown segregation as punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less. *Rapier v. Harris*, 172 F.3d 999, 1004-05 (7th Cir. 1999).

With that said, a person who is lawfully detained in pretrial confinement is nevertheless subject to certain restrictions on his liberty. *See Rapier*, 172 F.3d at 1003. The government may

3

take reasonable measures to effectuate pretrial detention, and this includes steps necessary to maintain safety and security at the facility. *Id*. As long as these measures are reasonably related to the orderly management of the facility, they are not considered punishment for the crime the detainee is charged with committing. *Id*.

Plaintiff characterizes the lockdown as punishment without due process protections (*i.e.*, notice, an investigation, or a hearing). Construing the allegations in his favor, as is required at this early stage, the Court finds that Plaintiff has articulated a Fourteenth Amendment claim against both defendants. Accordingly, Count 1 shall receive further review against them.[2]

## Count 2

Convicted persons and pretrial detainees have a fundamental right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977) (convicted persons); *Casteel v. Pieschek*, 3 F.3d 1050, 1053 (7th Cir. 1993) (pretrial detainees). A claim for denial of access to the courts involves two components. *Smith v. Shawnee Library Sys.*, 60 F.3d 317 (7th Cir. 1995); *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992). First, the plaintiff must show that officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins*, 977 F.2d at 268 (quoting *Bounds*, 430 U.S. at 828). Second, the plaintiff must show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Id*.; *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994).

---

[2] This analysis hinges on Plaintiff's classification as a pretrial detainee when the punishment occurred. If further factual development reveals that he was a convicted prisoner at the time, the standard set forth in *Hardaway v. Meyerhoff*, 734 F.3d 740 (7th Cir. 2013), and *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009), governs this claim and may warrant dismissal of Count 1. However, Plaintiff's legal status can be determined as the case proceeds.

Plaintiff's allegations only address the first component of this claim and not the second. He complains of the denial of access to stamps but no related impediment to litigation. Given that the underlying complaint was filed on August 11, 2021, it appears that any impediment to litigation was *de minimus*. *See Evans, et al. v. Tharp, et al.*, Case No. 21-cv-905-JPG (S.D. Ill.). Accordingly, Count 2 shall be dismissed without prejudice for failure to state a claim.

### Count 3

Plaintiff's claim of unconstitutional conditions of confinement stemming from dirty showers shall also be dismissed. For all Section 1983 claims, a plaintiff must establish that he was deprived of a constitutionally protected right by a defendant who acted under color of state law. *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 513 (7th Cir. 1993). A governmental official may not be held liable under Section 1983 for the unconstitutional conduct of a subordinate; the doctrine of *respondeat superior* is inapplicable in this context. *Ashcroft v. Iqbal*, 556 US. 662, 676 (2009). In other words, Section 1983 liability hinges on personal involvement in or responsibility for the deprivation of a constitutional right. *Knight v. Wiseman*, 590 F.3d 458, 462-63 (7th Cir. 2009) (citation omitted).

Plaintiff alleges that he notified unidentified correctional officers about the dirty showers and asked them to clean the stalls. When the officers took no action to address his complaint, Plaintiff filed a grievance instead. Captain Tharp responded to his grievance by sending a crew to clean the showers and then reporting that he had done so to Plaintiff. After this point in time, Plaintiff had no complaints about the showers. Under the circumstances presented, Plaintiff has fallen short of demonstrating any personal involvement by either defendant in a constitutional deprivation. Accordingly, Count 3 shall be dismissed without prejudice against both defendants for failure to state any claim for relief.

### Disposition

**IT IS ORDERED** that the First Amended Complaint (Doc. 12) survives screening pursuant to 28 U.S.C. § 1915A, as follows: **COUNT 1** against Defendants **SARHAGE** and **THARP** will receive further review, but **COUNTS 2** and **3** against Defendants **SARHAGE** and **THARP** are **DISMISSED** without prejudice for failure to state any claim for relief.

**IT IS ORDERED** that Defendant **MADISON COUNTY JAIL** is **DISMISSED** with prejudice from this action, and the Clerk's Office is **DIRECTED** to **TERMINATE** this defendant as a party in CM/ECF.

With regard to **COUNT 1**, the Clerk of Court shall prepare for Defendants **SARHAGE** and **THARP**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if a Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, that Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants should only respond to the issues stated in this Merits Review Order**.

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, though his application to proceed *in forma pauperis* was granted.  28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 11/12/2021**                   s/J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **United States District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint.  After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint.  It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more.  When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures.  Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions,

in order to give the defendants notice and an opportunity to respond to those motions.  Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.